UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COTOC JOSE SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>TALTON TELECOMMUNICATION *et al.*,<br><br>Defendants. | CASE NO. C09-5706RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 21, 2010 |

This matter comes before the court upon plaintiff's failure to respond to the court's order regarding his need to file an application to proceed in forma pauperis or pay the required filing fee. Doc. 3,

On March 1, 2010, the court reviewed the matter and found plaintiff, who is proceeding pro se, had not paid the filing fee or filed an application to proceed in forma pauperis. Plaintiff was directed to respond by not later than April 1, 2010. To date the Clerk has not received any further pleadings from plaintiff.

More importantly, the court's order was returned to the Clerk as undeliverable. Doc. 4. On the outside of the envelope, it is noted that the mail was not received by plaintiff because he had been released from the Northwest Detention Center where he had been detained. The court

REPORT AND
RECOMMENDATION - 1

is unaware of plaintiff's whereabouts or new address. It is the *pro se* plaintiff's responsibility to keep the Clerk informed of his current address to ensure timely notification of court action.

Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

At this time, the sixty-day period has not expired, but counting from the day the court's order was issued on March 1, 2010, through the objection period for the court to consider this recommendation, the period will expire.

## CONCLUSION

Based on the foregoing, the Court should dismiss plaintiff's claims and causes of action based on plaintiff's failure to properly prosecute the matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 21, 2010, as noted in the caption.

DATED this 26th day of April, 2010.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 2